IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| XIAOYAN LYU,<br><br>                           Plaintiff,<br>v.<br><br>FREIGHTSTAR EXPEDITED, LLC,<br><br>                           Defendant. | Case No. 24-cv-02342-TC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Expert (ECF No. 77). Defendant requests the Court enter an order excluding Plaintiff's damages expert and striking the expert's report. Plaintiff has filed a response in opposition (ECF No. 81). As explained below, Defendant's motion to exclude and strike the expert's report is denied but Defendant's alternate request for additional time to conduct discovery and retain a rebuttal expert is taken under advisement.

**I.    Factual Background**

This case arises from a January 1, 2024 rear-end crash involving Defendant's tractor-trailer colliding with Plaintiff's passenger vehicle. Plaintiff alleges she suffered a severe traumatic brain injury, which has left her unable to work regularly. Plaintiff filed her five-page Complaint on August 5, 2024, asserting a count for negligence and a claim for loss of consortium on behalf of her spouse. She alleged in her complaint that as a direct and proximate result of the Defendant's negligent actions and omission, she sustained damages that include "loss of past and future

income."[1] She also alleged the value of her damages flowing from Defendant's negligence includes "wage/income loss (past and future)."[2]

On December 3, 2024, Plaintiff served her Fed. R. Civ. P. 26(a)(1) initial disclosures.[3] She listed "Lost Wages/Business Losses" as one of her five categories of damages and further stated the "values are not currently known; some values and calculations will be the subject of expert testimony."[4]

Defendant took the deposition of Plaintiff on July 23, 2025.[5] During the deposition, Defendant's counsel asked Plaintiff about Spicin' Foods, the Kansas City, Kansas business co-owned by Plaintiff and her husband. He inquired specifically about the factory, what it produced, when Plaintiff and her husband started it, and the hours Plaintiff worked at the business.[6] Defense counsel also asked Plaintiff to verify she worked at Spicin' Foods "17, 18 hours a day, seven days a week, starting about 7:00 in the morning."[7]

On August 29, 2025, the parties filed a Joint Status Report on Discovery (ECF No. 60) requesting a status conference to discuss discovery and extensions of the unexpired scheduling order deadlines. The Court held a status conference on September 23, 2025, and ordered the parties to submit their proposed new deadlines. The Court adopted the parties' proposed deadlines and

---

[1] Compl. (ECF No. 1) at ¶ 26.

[2] *Id.* at ¶ 27.

[3] *See* Pl.'s Notice of Service (ECF No. 21).

[4] Pl.'s Initial Disclosures (ECF No. 81-1 at 4).

[5] Pl.'s Dep. Tr. (ECF No. 81-1 at 7–8).

[6] *Id.*

[7] *Id.*

2

entered the Second Amended Scheduling Order, which extended the deadlines for disclosure of affirmative claim experts to November 24, 2025, disclosure of rebuttal experts to December 15, 2025, completion of all discovery to January 12, 2026, and other case deadlines and settings.[8]

On September 15, 2025, Defendant deposed Plaintiff's husband.[9] During the deposition, Defendant's counsel inquired about Spicin' Foods, asking him to describe Plaintiff's responsibilities as its chief operating officer and the approximate number of hours Plaintiff worked.[10]

On November 24, 2025, Plaintiff served her affirmative claim expert disclosures, including the curriculum vitae and testimonial history of her expert, certified public accountant Vince Cummins ("Cummins"), and his expert report. The report quantified Plaintiff's alleged damages in terms of diminished income and profits from her co-owned business, Spicin' Foods, resulting from Plaintiff's diminished ability to perform services for that business.[11] Defendant also served expert witness designations on November 24, 2025.[12] Defendant filed its motion to strike Plaintiff's expert on December 11, 2025.

---

[8] *See* Second Am. Sched. Order (ECF No. 68). It also set a January 27, 2026 pretrial conference, February 13, 2026 deadline for filing dispositive and expert motions, and November 3, 2026 jury trial date.

[9] Morse Dep. Tr. (ECF No. 81-1 at 10–11).

[10] *Id.*

[11] *See* Pl.'s Certif. of Service (ECF No. 74).

[12] *See* Def.'s Notice of Service (ECF No. 73).

## II. Pleading Special Damages Under Fed. R. Civ. P. 9(g)

### A. Plaintiff is Required to Specifically State her Special Damages for Business Lost Profits Under Fed. R. Civ. P. 9(g)

Defendant requests an order excluding Plaintiff's damages expert Cummins and striking his report. Defendant argues Plaintiff's eleventh-hour disclosure—through her expert's report served on the affirmative expert deadline—of a $1.8 million claim for damages allegedly resulting from lost profits of a non-party business constitutes unfair surprise regarding a substantively new theory of special damages that was not properly pleaded or disclosed. Defendant argues business lost profits are special damages and Plaintiff's expert and expert report must be stricken because Plaintiff failed to sufficiently plead them as required by Fed. R. Civ. P. 9(g).

Plaintiff argues there is no basis to strike Cummins or his report pursuant to Rule 9(g). Plaintiff's Complaint put Defendant on notice that economic losses were being claimed. And, Plaintiff's initial disclosures, served more than a year ago, put Defendant on notice Plaintiff is claiming business losses. But if the Court determines additional pleading is necessary to satisfy Rule 9(g), Plaintiff requests leave to amend her complaint to add "business losses" to her claimed damages.

Federal Rule of Civil Procedure 9(g) requires "[i]f an item of special damage is claimed, it must be specifically stated." Special damages depend on the particular circumstances of the case, whereas general damages are the "ordinary result of the conduct alleged."[13] For example, in the trespass case *Weyerhaeuser Co. v. Brantley*, the Tenth Circuit found damages attributable to lost profits were special damages subject to the pleading requirements of Rule 9(g) because they

---

[13] *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1266 (10th Cir. 2007) (citing 5A Wright & Miller's Federal Practice & Procedure § 1310 (3d ed. 2005)).

4

"depend[ed] on circumstances unrelated" to the underlying trespass claim.[14] The Tenth Circuit has also found a claim for lost profits in a torts case constitutes special damages which must be specifically stated under Rule 9(g).[15]

The Court agrees with Defendant that Plaintiff's claim for lost profits from a business that she and her husband own are special damages and therefore must be "specifically stated" in the Complaint. The Court turns next to the question of whether Plaintiff sufficiently pled her claim for lost profits and specifically stated that damages claim in accordance with Rule 9(g).

### B.   Plaintiff Has Sufficiently Plead Special Damages in Her Complaint

Defendant contends Plaintiff has not sufficiently plead special damages in her Complaint. Defendant argues Plaintiff's Complaint contains only the generic, boilerplate allegation of "wage/income loss (past and future)" and is devoid of any specific reference to any "lost profits" of Spicin' Foods, let alone a detailed calculation or theory explaining how Plaintiff's personal injury resulted in multimillion-dollar corporate losses. Defendant argues that unlike typical lost wages, which flow naturally from an individual's inability to work, the lost profits of a separate corporate entity depend on highly specific financial circumstances, market conditions, and operational dependencies that are not ordinary results of a personal injury. Because Plaintiff failed to specifically plead these special damages in her Complaint, Defendant argues Plaintiff's expert report in support of these special damages should be stricken.

In response, Plaintiff argues Rule 9(g) is a notice rule and her Complaint—which alleged her damages included "loss of past and future income" and "wage/income loss (past and future)"—

---

[14] *Weyerhaeuser*, 510 F.3d at 1266.

[15] *See Quinones v. Penn. Gen. Ins. Co.*, 804 F.2d 1167, 1170 (10th Cir. 1986) (finding in a negligence case the plaintiff's claim for lost profits from his watch repair and jewelry business constituted special damages and must be specifically stated under Fed. R. Civ. P. 9(g)).

was sufficient to enable Defendant to prepare its answer and put it on notice that Plaintiff was claiming economic losses. Plaintiff submits it is a mere technical matter and not of substance that the words "business losses" were not included in the Complaint. Plaintiff further requests if the Court find her damages allegations are not sufficient, she be granted leave to amend the complaint to add "business losses" into her list of claimed damages.

The Rule 9(g) requirement that special damages be "specifically stated" has been described as a "relatively liberal standard" which may be satisfied if a complaint's allegations "are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim."[16] Rule 9(g) does not require that the exact dollar amount of special damages be specifically pleaded.[17] Instead, the issue is "whether the pleadings contain such information as will apprise the defendant of such damages as must of necessity flow from that which is alleged."[18] Rule 9(g) only requires a claim for special damages to be "specifically stated" and, in contrast to pleading fraud or mistake under Rule 9(b), does not require they be pled with particularity.[19]

Here, the Court finds Plaintiff has met the relatively liberal pleading standard to "specifically state" a claim for special damages under Rule 9(g). Plaintiff's Complaint alleges her damages include "loss of past and future income" and "wage/income loss (past and future)." While the Complaint does not expressly reference "business losses," its listing of damages for "income

---

[16] *Energy Consumption Auditing Servs., LLC v. Brightergy, LLC*, 49 F. Supp. 3d 890, 905 (D. Kan. 2014); *Mosqueda v. Sonic of Newton, Inc.*, No. 12–1450–RDR, 2013 WL 1933842, at *3 (D. Kan. May 9, 2013) (quoting *A.H. v. Knowledge Learning Corp.*, No. 09–2517–DJW, 2011 WL 2084143, at *2 (D. Kan. May 24, 2011) (quoting 5A Wright & Miller's Federal Practice & Procedure § 1311 at 354–55 (3d ed. 2004))).

[17] *Energy Consumption*, 49 F. Supp. 3d at 905 (citations omitted).

[18] *Id.*

[19] 5A Wright & Miller's Federal Practice & Procedure § 1311 (3d ed. 2004).

loss" would encompass lost profits from a business Plaintiff owned or co-owned and is sufficient to put Defendant on notice Plaintiff is claiming loss of wages and income attributable to her injuries. Plaintiff's Complaint therefore contained the minimum amount of information to put Defendant on notice of Plaintiff's damage claim for loss of income, albeit from the loss of income from her Spicin' Foods business versus merely from her lost salary or wages. Additionally, even if the Court found Plaintiff's Complaint failed to specifically state her claim for special damages was for income losses to her Spicin' Foods business, her pleading deficiency under Rule 9(g) could be cured by allowing Plaintiff to amend her complaint.[20]

### C. Prejudice

Although Plaintiff's Complaint specifically stated her special damages, as required by Rule 9(g), Defendant states it was surprised by Plaintiff's expert report, which disclosed a claim for $1.8 million in damages based on lost profits from the business she co-owns with her husband. Defendant argues it would be severely prejudiced if Plaintiff's damages expert and report are allowed. It argues the introduction of Plaintiff's lost profits theory of damages late in the case through her damages expert disclosures unfairly surprises it. Defendant points out it has already deposed Plaintiff and her husband without the benefit of knowing Plaintiff was claiming these specific damages, therefore defense counsel could not question them regarding the company's financials or their theory regarding how Plaintiff's injuries led to such lost profits. Defendant also argues it would need to issue third-party subpoenas for the company's financial records, tax returns, and internal communications, and it would need to retain a forensic accounting expert to

---

[20] Although amendment of the Complaint would be allowed at this stage in the case, the Court will not require it. Plaintiff's pleading is sufficient. And, as explained above, Defendant is already on notice and now well aware of Plaintiff's damages claim for lost business income.

7

analyze years of data and re-depose Plaintiff and her husband. Defendant argues all this discovery could not be accomplished within the current January 12, 2026 discovery deadline.

Plaintiff argues Defendant has been aware of Plaintiff's economic damages claims for over a year, since she served her Rule 26(a) initial disclosures in December 2024. The expert report is merely a quantification of Plaintiff's previously disclosed economic loss. Plaintiff argues the fact that a CPA used financial records to quantify Plaintiff's claimed economic loss does not create a surprise; that is exactly the purpose of the expert designation deadline and these are exactly the types of damages a financial expert is usually used to quantify. Finally, Plaintiff argues Defendant has not been subject to any prejudice, but if the Court finds otherwise, any such prejudice can be cured by allowing limited additional discovery.

The Court finds Defendant's unfair surprise and prejudice arguments overstated. Early in the case, Plaintiff served her initial disclosures claiming "Lost Wages/Business Losses" as one of her five categories of damages. The reference to business losses should have put Defendant on notice that Plaintiff might be claiming damages based on lost profits from the business she co-owned. Defendant's counsel was aware Plaintiff co-owned the Spicin' Foods business with her husband and that she worked as its COO. At both Plaintiff and her husband's depositions, defense counsel specifically did inquire about Plaintiff's responsibilities at that business and number of hours she worked prior to the accident. Those depositions were taken in July and September 2025, months before Plaintiff served her damages expert disclosures and report. It thus should not have been unexpected that Plaintiff asserted a claim for damages related to lost income from her ownership interest in the Spicin' Foods business. Moreover, Plaintiff's expert disclosure was timely made, was made more than 40 days before the close of discovery, and Defendant had the opportunity to address and rebut the expert's damage (lost business profits) calculations and

conclusions in Defendant's rebuttal expert disclosures and report. In any event, the Court finds that the minimal prejudice to Defendant, if any, can be cured by the Court with minor adjustments to the Scheduling Order in the case. Toward that end, the Court will set a telephone status conference with the parties. The Court finds the circumstances here do not warrant the drastic sanction of excluding Plaintiff's expert or striking his expert report.

**III.      Exclusion of Plaintiff's Damages Expert and Report Based on Fed. R. Civ. P. 37(c)(1)**

Defendant also argues Plaintiff's damages expert and report disclosing lost business profits should be excluded under Rule 37(c)(1), which prohibits a party from using information or a witness to supply evidence at trial if the party fails to provide the information required by Rule 26(a) or (e). In response, Plaintiff argues exclusion under Rule 37(c)(1) is inappropriate because she timely disclosed her damages expert and report pursuant to Rule 26(a)(2) by the Scheduling Order deadline.

Federal Rule of Civil Procedure 26(a)(1) provides that a party must, without awaiting a discovery request, provide to the other parties certain initial disclosures, including information relating to witnesses, documents the disclosing party may use to support its claims or defenses, and damages. Specifically, Rule 26(a)(1)(iii) requires a party to provide a computation of each category of damages claimed and to make available the documents on which the computation is based. Rule 26(a)(2) specifies the required disclosures for expert witnesses. Rule 26(e) imposes a continuing duty to supplement these disclosures. To ensure compliance with these disclosure requirements, Rule 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

9

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[21]

The Court finds Rule 37(c)(1) inapplicable here. Defendant does not elaborate on what information Plaintiff failed to provide that was required by Rule 26(a) or (e). Defendant does not argue Plaintiff's damages expert report is untimely or fails to comply with Rule 26(a)(2). Nor does Defendant argue that Plaintiff's Rule 26(a)(1)(iii) initial damages disclosures were insufficient. As already discussed above, the Court finds Plaintiff's expert disclosures were timely and Defendant's argument that Plaintiff's expert and report should be excluded pursuant to Rule 37(c)(1) meritless. Accordingly, the Court will not strike Plaintiff's expert or the expert's timely disclosed report based upon Rule 37(c)(1).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiff's Expert (ECF No. 71) is DENIED.

**IT IS FURTHER ORDERED** that a Status Conference is set for **February 3, 2026 at 1:30 PM (central)** by telephone to consider whether there is any potential prejudice to Defendant resulting from this Order and, if so, to consider and discuss Defendant's alternate request for additional time to conduct discovery and to retain a rebuttal expert, as well as any other potential scheduling order changes. Participants must dial CONFERENCE LINE: 1-855-244-8681 and enter ACCESS CODE: 2311 284 1047 to join the telephone Status Conference.

---

[21] Fed. R. Civ. P. 37(c)(1).

**IT IS FURTHER ORDERED** that all unexpired deadlines set by the Second Amended Scheduling Order (ECF No. 68) are held in abeyance pending further order.

IT IS SO ORDERED.

Dated January 23, 2026, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge