IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

XIAOYAN LYU,

        Plaintiff,

v.

        Case No. 24-CV-2342-TC-JBW

FREIGHTSTAR EXPEDITED LLC,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Add Punitive Damages Claim, or for Other Remedy to Cure Defendant's Missing Video Evidence of the Crash (Dkt. 112). Plaintiff requests the Court enter an order granting leave to add a claim for punitive damages against the Defendant pursuant to K.S.A. 60-3703, D. Kan. Rule 15.1, and Fed. R. Civ. P. 15. In the alternative, Plaintiff requests the Court to enter an order of sanctions pursuant to Fed. R. Civ. P. 37.

Plaintiff filed her motion on June 1, 2026, and the Court took up the motion and heard argument at the June 2, 2026 pretrial conference. For the reasons discussed at the pretrial conference and further explained below, the Court denies Plaintiff's motion without prejudice.

## I.    Factual and Procedural Background

This case arises from a January 2024 motor vehicle collision in which the SUV Plaintiff was driving was struck from behind, at highway speeds, by the semi-truck and trailer being driven on behalf of Defendant. Plaintiff filed her Complaint on August 5, 2024. At the initial scheduling conference held on December 10, 2024, Plaintiff requested a short period of time, prior to commencement of other discovery, for Plaintiff to assess liability after reviewing crash data to be

provided by Defendant with its initial disclosures of black box data and any video of the collision from the truck (Dkt. 25).

On January 31, 2025, the Court held a status conference at the request of Plaintiff to discuss the status of Defendant's efforts to produce the truck's black box data and any video of the collision at issue in the case (Dkt. 30). During that conference, Defendant agreed to produce, as part of its Fed. R. Civ. P. 26(a)(1) initial disclosures, the truck's black box data and GPS data and video of the collision. Defendant further advised the black box data had been successfully downloaded and defense counsel expected to receive it in a week or two, and that it was still working to determine whether GPS data and video from the collision could be retrieved. The Court granted Plaintiff leave to serve Defendant with requests for production seeking production of the truck's black box data and GPS data and video of the collision, as well as limited interrogatories inquiring about the nature of any such data or video, and whether it still existed and could be produced.

On March 5, 2025, the Court entered an Amended Scheduling Order (Dkt. 36) that extended the deadline for filing any motion for leave to amend the pleadings or join additional parties to April 21, 2025. This deadline was never extended by the subsequent Second and Third Amended Scheduling Orders. The Third Amended Scheduling Order (Dkt. 94) extended the January 12, 2026 discovery deadline to May 11, 2026, but only for purposes of discovery related to Plaintiff's damages based on business losses.

On May 22, 2026, the parties submitted their proposed pretrial order. In the section for amendments to the pleadings, Plaintiff stated that she intended to file a motion for leave to add a claim for punitive damages and/or for other relief in relation to the missing video evidence and discovery about the video. Plaintiff's motion principally relies on her allegation that Defendant has been unable to produce a copy of a video of the collision, the truck having been equipped with

a video camera that should have been functional and running.

## II.     Request for Leave to Amend Complaint to Add Claim for Punitive Damages

Plaintiff may amend her complaint under Fed. R. Civ. P. 15(a)(2) "only with the opposing party's written consent or the court's leave."[1] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[2] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[3]

Fed. R. Civ. P. 16(b)(4) is implicated when a motion to amend the pleadings is filed after the scheduling order deadline. It provides that a scheduling order "may be modified only for good cause and with the judge's consent." The court applies a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint filed after the scheduling order deadline.[4] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.[5] Only after determining good cause has been established will the court proceed to

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] *Foman*, 371 U.S. at 182.

[4] *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Grp.*, No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003).

[5] *See Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014) ("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard.").

determine if the movant has satisfied the more lenient Rule 15(a) standard.[6]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[7] The party requesting untimely amendment "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[8] One way Rule 16's good cause requirement may be satisfied is if a plaintiff "learns new information through discovery or if the underlying law has changed"; however, if the plaintiff knew of the underlying conduct but simply failed to raise the claims, the claims are barred.[9] A lack of prejudice to the nonmovant does not constitute "good cause."[10] If the Court finds Rule 16(b)(4) is satisfied, the Court then analyzes the request for amendment under Rule 15(a).

Fed. R. Civ. P. 16(b)(4) is implicated here because Plaintiff filed her motion on June 1, 2026, more than a year after the April 21, 2025 Scheduling Order deadline for filing motions to amend the pleadings. Discovery closed in this case on January 12, 2026, with the exception of the limited discovery allowed until May 11, 2026 on Plaintiff's damages based on business losses of Spicin' Foods. Plaintiff waited until the parties submitted the proposed pretrial order to chambers on May 22, 2026 to state that she intended to move to amend to add a claim for punitive damages, and the motion itself was then not filed until June 1, 2026.

At the pretrial conference, the Court inquired when Plaintiff learned the truck's camera had

---

[6] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[7] *Id.* at *5.

[8] *Martley v. City of Basehor, Kan.*, No. 19-2138-DDC-GEB, 2021 WL 1210013, at *3 (D. Kan. Mar. 31, 2021).

[9] *Gorsuch*, 771 F.3d at 1240.

[10] *Id.*

not been recording at the time of the collision. Plaintiff acknowledged that she learned this information in early October 2025, when Defendant served its discovery responses. She later deposed Defendant's corporate representative in November 2025 and a dispatcher in January 2026. Plaintiff argued at the pretrial conference that she waited to seek leave to amend because she was not willing to accept Defendant's assertions about the video camera and whether it was working at the time of the collision. As counsel stated, Plaintiff[th "didn't believe them" and thought there was a video. But it is undisputed that in October 2025, Defendant told Plaintiff in discovery responses that there was no video.

The Court is not persuaded that Plaintiff's arguments explaining why she waited months to file her motion seeking to amend her complaint create good cause for the delay. Plaintiff has not demonstrated the required good cause under Rule 16(b)(4) to enlarge the April 21, 2025 deadline set by the Amended Scheduling Order. Plaintiff knew of the underlying conduct giving rise to her purported punitive damages claim in late 2025 or early 2026 but still waited until June 1, 2026 to seek leave to add it to the complaint. Her motion is untimely because she has not demonstrated good cause under Rule 16 for the belated amendment. As such, the motion for leave to amend the complaint to add a claim for punitive damages is denied.

III.    **Request for Sanctions**

Plaintiff alternatively requests the Court enter an order of sanctions, pursuant to Fed. R. Civ. P. 37, either striking Defendant's affirmative defenses of comparative fault and sole cause, and/or ordering that Plaintiff is entitled to have an adverse inference instruction read to the jury about the missing video evidence. Plaintiff asserts Defendant should be sanctioned for: (i) failing to preserve video of the January 1, 2024 rear-end crash at issue here caused by Defendant's tractor-trailer and equally (ii) failing to give direct, transparent, correct information to Plaintiff about

whether there was video, where the video was, and how it could be obtained.

To the extent Plaintiff's request for sanctions is based upon Defendant's alleged failure to preserve the truck's video recording, the Court finds Plaintiff has not sufficiently shown there was ever a video-recording of the collision for Defendant to preserve. In the parties' Joint Status Report on Discovery (Dkt. 60) filed on August 29, 2025, they reported:

> On August 11, 2025, Plaintiff's counsel deposed George Newcombe, the driver of the truck involved in the collision and equipped with the dash camera. Mr. Newcombe testified that he believed the dash camera inside the truck was recording at the time of the accident, that immediately after the collision he told a responding officer with the Kansas Highway Patrol that there was video evidence of the collision captured by the dash camera, and that a few days after the collision he followed up with Freightstar about the video of the collision and was informed by Freightstar that there was no video because the dash camera was not working at the time of the collision.

Plaintiff has not presented any evidence that the truck's dash camera was working at the time of the collision, even though statements made by the driver and defense counsel suggested they initially believed it was and that a video-recording of the collision existed.

With regard to Plaintiff's request for sanctions based upon Defendant's alleged actions in obscuring whether there was a video and how to obtain it, the Court finds these alleged actions do not rise to the level of sanctionable conduct. In support of her request for sanctions, Plaintiff characterizes Defendant as committing "profound, substantive abuses of the discovery process." According to Plaintiff, these include:

> Defendant's cavalier, wanton attitude toward securing and preserving evidence in the case [that] started the very day of the collision, when the Defendant either knew or should have known where the video recording its truck took—or should have taken—of the collision at issue, was stored. Defendant never obtained a copy, and after two years of litigating now professes that there was never a video recording because the camera system was malfunctioning. But this never stopped the Defendant from acting as though there was a video, and from constantly hiding the ball from Plaintiff who has simply been trying to find what would be the key piece

of evidence in the case as to liability issues.[11]

The Court finds none of this alleged conduct rises to a level warranting discovery sanctions.

Moreover, the Court finds Plaintiff unreasonably delayed in bringing this motion for sanctions based upon Defendant allegedly obscuring whether a video-recording existed. Although Federal Rule of Civil Procedure 37 does not set any time limitations for filing motions for sanctions, a "Rule 37 motion for sanctions should be filed without unreasonable delay."[12] And District of Kansas Local Rule 37.1(c) requires discovery-related motions be filed within "30 days of the default or service of the response, objection, or disclosure that is the subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute." Plaintiff has sought discovery of the video since the initial scheduling conference in December 2024 and raised the issue again in status conferences thereafter. She was aware of Defendant's position that the camera was not working at the time of the collision since October 2025. Despite her knowledge of the basis for her sanctions motion, she waited more than four months after discovery closed in January 2026 until the literal eve of the pretrial conference to file the motion for sanctions—one based on alleged discovery abuses that had occurred over the prior eighteen months. Based on both lack of merit and untimeliness, the alternate motion for an order of sanctions is denied.

IV.     **The Motion is Denied Without Prejudice**

Although the Court is denying Plaintiff's motion, the denial is without prejudice to Plaintiff raising issues concerning the missing video-recording in later pretrial proceedings such as in a motion in limine or at trial. As discussed at the pretrial conference, denial of Plaintiff's current

---

[11] Pl.'s Mem. in Supp. of Mot. (Dkt. 113) at 1.

[12] *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).

motion does not preclude Plaintiff from later seeking an adverse inference instruction or such other remedy.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Add Punitive Damages Claim, or for Other Remedy to Cure Defendant's Missing Video Evidence of the Crash (Dkt. 112) is denied without prejudice.

IT IS SO ORDERED.

Dated June 3, 2026, at Kansas City, Kansas.


Jennifer B. Wieland
U. S. Magistrate Judge